| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x<br>                                        :<br>UNITED STATES OF AMERICA              :<br>                      - v. -                   :<br>PIERRE GIRGIS,                            :<br>                       Defendant.       :<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x | **STIPULATED**<br>**PROTECTIVE ORDER**<br><br>22 Cr. 6 (AJN)<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 2/16/22 |

ALISON J. NATHAN, District Judge:

WHEREAS, the Government will make disclosure to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases.

WHEREAS, the Government's disclosure material may include material that (i) affects the privacy, confidentiality and business interests of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case (the "Protected Materials");

WHEREAS, the Government desires to protect the safety of others and ongoing investigations disclosed in the Protected Materials; and

WHEREAS, in the interest of expediting the discovery process, PIERRE GIRGIS, the defendant, by his attorneys, Andrew John Dalack, Esq., and Hannah McCrea, Esq., consent to the entry of this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Protected Materials shall be used by the defendant, his counsel, and his counsel's agents only for purposes of defending the charges, in connection with sentencing, and pursuing any appeals, in this criminal action. To the extent the Protected Materials are shown to additional persons consistent with the terms set forth below, those additional persons may use the Protected Materials only in connection with this criminal action.

2. The Government shall identify to defense counsel all items that are to be afforded protected status as Protected Materials pursuant to this Protective Order.

3. The Protected Materials and the information and identities contained or disclosed therein:

    (a) Shall be used by the defendant or his counsel only for purposes of this action;

    (b) Shall not be disclosed in any form by the defendant or his counsel except as set forth in paragraph 3(c) below;

    (c) May be disclosed only by the defendant's counsel and only to the following persons (hereinafter "Designated Persons"):

        (i) associate counsel or investigative, secretarial, clerical, paralegal and student personnel employed full-time or part-time by the defendant's attorneys;

        (ii) independent expert witnesses, investigators, or advisors retained by the defendant in connection with this action; and

        (iii) such other persons as hereafter may be authorized by the Court upon such motion by the defendant; and

        (iv) defense counsel may seek ex parte authorization of the

Court, with notice to the Government of such application (but not its contents), to provide Protected Materials to persons whose access to Protected Materials is otherwise prohibited by the preceding paragraphs, if it is determined by the Court that such access is necessary for the purpose of preparing the defense of the case.

4. The Protected Materials may not be transmitted outside of the United States for any purpose;

5. The defendant and his counsel shall provide a copy of this Protective Order to Designated Persons to whom the Protected Materials are disclosed pursuant to paragraphs 3(c)(i), (ii) and (iii). Designated Persons shall be subject to the terms of this Order.

6. The provisions of this Order shall not be construed as preventing the disclosure of any information in any motion, hearing, trial, or sentencing proceeding held in this action or to any judge or magistrate of this Court in connection with the above-captioned matter.

7. Notwithstanding the foregoing, this Protective Order shall not prevent defense counsel from entering into a written agreement with the Government to permit the use or disclosure of Protected Material that might otherwise by prohibited by this Protective Order. Any such agreement between the parties concerning Protected Material shall be effective without the need for any further order of the Court.

[INTENTIONALLY LEFT BLANK]

8. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case; or the expiration of any retention period mandated by governing rules of professional responsibility applicable to the defense, whichever date is later.

AGREED AND CONSENTED TO:

_____  2/15/22
Andrew John Dalack, Esq.                Date

_____  2/15/22
Hannah McCrea, Esq.                     Date

SO ORDERED:

_____  2/16/22
HONORABLE ALISON J. NATHAN              Date
United States District Judge
Southern District of New York