# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street, 10th Floor
New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

---

Tamara Giwa
*Executive Director*

Jennifer L. Brown
*Attorney-in-Charge*

September 19, 2024

**BY EMAIL & ECF**
Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   **United States v. Pierre Girgis,**
      **22 Cr. 6 (KPF)**

Dear Judge Failla,

I write to respectfully request that the Court sentence Pierre Girgis to time served with no further sanctions or penalties.

Mr. Girgis is a hardworking and proud naturalized United States citizen who maintains dual citizenship in Egypt. He is a dedicated husband and father who has never been in trouble before and has no criminal record whatsoever. Since his indictment in January 2022, he has perfectly complied with Pretrial Supervision and continues to be compliant with the terms of his bail, which were reduced on August 14, 2024, following his guilty plea to a violation of 22 U.S.C. § 614(b), a B misdemeanor that constitutes a "petty offense" under 18 U.S.C. § 19.

As he expressed at his plea, Mr. Girgis is genuinely sorry and remorseful. He is also grateful that the Government agreed to accept his plea to a petty offense in satisfaction of a felony indictment that broadly accused him of acting, and conspiring to act, as an unregistered foreign agent of Egypt for years. Mr. Girgis is eager to end the nightmare that the indictment began, and to continue to rebuild his life, relationships, and reputation within his community.

Mr. Girgis was and is deeply concerned with the safety and security of Americans, those of his close-knit Coptic Egyptian community, and beyond. Mr. Girgis's selfless contributions to his church, his energetic spirit, his friendships, and his passion for connecting likeminded people speak to Mr. Girgis's most admirable qualities. Unfortunately, it was also those same qualities that caused him to misapply his strong sense of civic duty and forge relationships with foreign government officials that should have triggered his registration with the Attorney

General. Revealingly, however, Mr. Girgis was never remunerated nor compensated for his activities, and he was never employed nor paid by any foreign government official. Rather, his actions during the period in question emanated out of an earnest conviction to help keep his community, and the American public at large, informed, engaged, and safe.

Enclosed is the mitigation submission that the defense provided the Government in furtherance of plea negotiations. Because the letter contains an extensive discussion of protected discovery materials, the defense requests leave to file it under seal and to file a redacted version at a later date after discussions with the Government.[1] In preparing the submission, the defense endeavored not only to provide context and mitigation pertinent to the specific allegations in the indictment, but also to address the factual allegations set forth in the Government's opposition to Mr. Girgis's motion to compel. These include providing necessary context and information surrounding his relationships in the United States and abroad, his professional ambitions, and his personal motivations.

As set forth in the mitigation submission, Mr. Girgis has already suffered enough, and no additional penalty is necessary to punish him or promote respect for the law. The Government's indictment and the press release issued in connection with it irrevocably tarnished Mr. Girgis's reputation and standing in the community. The press release and original charges remain the first items that appear on Google when you search Mr. Girgis's name. As a result, Mr. Girgis became estranged from many of his friends and lost professional opportunities. People in his church looked at him with suspicion, and he has been the victim of vicious rumormongering and gossip. For almost three years, Mr. Girgis has also endured significant constraints on his liberty, including being unable to return to Egypt to visit his family and in-laws. Given the favorable resolution of this case, and Mr. Girgis's lack of a criminal record, strong family ties, and proven track record of respect for the Court, any additional sanction would be greater than necessary to achieve the goals of sentencing under 18 U.S.C. § 3553(a).

Mr. Girgis is excited to be able to move forward and to seek a brighter future for himself, his family, and his community. He is grateful for the Court's time and for the opportunity to put this chapter of his life behind him.

Respectfully Submitted,

Andrew John Dalack, Esq.
Assistant Federal Defender
(646) 315-1527

Cc: Government counsel

---

[1] The Government does not object to this proposal.